IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CHRISTOPHER LYN SPARKS,

        Defendant.

Case No. 6:13-cr-00228-AA-1
6:06-cr-60036-1-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Before the Court is defendant Christopher Lyn Sparks' unopposed Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). Doc. 42.[1] Specifically, the defendant requests that his sentence be reduced immediately to one of time served. In 2013, defendant was sentenced to 144 months' imprisonment and lifetime supervision for possessing child pornography and admitting to supervised release violations. Defendant is serving his sentence at

---

[1] All record citations in this Opinion are to the docket in Case No. 6:13-cr-00228-AA-1.

Federal Correctional Institution ("FCI") Lompoc and has a projected release date of April 1, 2023. In July 2021, defendant moved the Court to reduce his sentence to time served. In August, the Court held oral argument on the motion and issued a written order denying it without prejudice. In so doing, the Court acknowledged that while defendant's circumstances may have presented extraordinary and compelling reasons for a sentence reduction, defendant's circumstances did not warrant a sentence reduction after considering applicable sentencing factors under § 3553(a). The Court, however, invited defendant to renew his motion should circumstances change. *Id.* at 7.

Because defendants' circumstances have in fact changed, defendant has renewed his motion for compassionate release. The government does not object to this request. On September 28, 2021, the Court held a hearing on the renewed motion and granted the motion on the record for the following reasons.

## STANDARDS

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam) ("[A]lthough a district court must perform this sequential inquiry before it

*grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").    The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.    On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion . . . but [it is] not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).    As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant is a 56-year-old male with hypertension, chronic ear problems, and bilateral inguinal hernias.    Due to a lack of appropriate and necessary medical care at FCI Lompoc, defendant is at risk of a myriad of severe and life-threatening complications from his medical conditions.    Specifically, the lack of appropriate follow-up for defendant's ear infections has put him at an increased risk for permanent hearing loss as well as potentially life-threatening complications due to the proximity of the inner ear to the brain and sinuses.    Aff. Dr. Ginsberg (doc. 42) Ex. B, at 2.    Similarly, the lack of adequate treatment for defendant's hernias has put him at risk of severe and potentially life-threatening complications, including "incarceration," when hernial contents obstruct the bowel, and "strangulation," when hernial contents compromise blood supply to a section of an organ or tissue.    *Id.*

Records from the Federal Bureau of Prisons ("BOP") Health Services indicate that defendant was seen in February 2020 for a left-sided inguinal hernia of 4x4 cm

and a very painful right-sided inguinal hernia of 20x20 cm.  Medical Records (doc. 42) Ex. A, at 2.  BOP requested a surgical consult with a target date of May 2020, but defendant was not seen again for his hernias until February of 2021 when he was "reassured" his consult would be scheduled.  *Id.*  Defendant returned to Health Services in April 2021, and BOP requested another "urgent surgical consult."  *Id.* at 13, 16–17.  In May 2021, defendant reported extreme pain from his hernias.  *Id.* at 18.  On June 1, 2021, BOP records indicate that defendant's hernias "need[ed] urgent repair."  *Id.* at 19.  While BOP records do not show that a surgical consult took place, notes from an August 17, 2021 visit with Health Services state that defendant was "approved for surgery."  *Id.* at 22.  But defendant's medical records do not include a target or scheduled date for that procedure.

Dr. Jill Ginsberg, a board-certified family physician licensed and practicing in Oregon, provided a sworn affidavit in support of defendant's renewed motion.  Doc. 43, Ex. B.  Dr. Ginsberg observed that defendant's right-sided hernia is roughly the "size of a large cantaloupe."  *Id.* at 2.  Although "small hernias are common, especially in men," a hernia of that size is atypical "among people with access to standard health care because they are addressed long before they reach this size."  *Id.*  Dr. Ginsberg noted, "In my 30 years as a primary care physician I have never seen a hernia as large as 20x20 cm."  *Id.* at 2–3.  Dr. Ginsberg also provided a representative image showing an inguinal hernia of a similar size to that of defendant's hernia:



*Id.* at 3 (representative image from Dr. Ginsberg's report).  One need only look at the image to recognize that defendant requires immediate medical attention.  Dr. Ginsberg also opined on the seriousness of defendant's condition:  "Given the lack of appropriate medical attention [defendant] has received[,] I am concerned that a complication such as hernia strangulation will go unrecognized and untreated, and will lead to [defendant's] death. Delaying medical care for this common and easily treated condition is nothing short of torture."  *Id.*

At the initial hearing, the Court expressed its concern regarding defendant's need for hernia surgery and the adequacy of medical care at FCI Lompoc.  Despite attempts by the United States Attorney's Office to convey this concern to BOP and urge BOP to act expeditiously on defendant's surgery, defendant's medical records do not indicate that substantial progress has been made to schedule this potentially life-saving procedure.

On this record the Court finds that defendant's medical condition has met the "extraordinary and compelling reasons" criteria.  Under the Sentencing Commission's

policy statement, circumstances that may present extraordinary and compelling circumstances include "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(B).   Because of FCI Lompoc's failure to provide adequate treatment, defendant's ear infections and his hernias have deteriorated into serious and potentially life-threatening conditions.  While incarcerated, defendant has been unable to obtain the typically routine follow-up visits needed to treat his ear infections and the urgent surgery needed to repair his hernias.

The Court also finds that the applicable factors under § 3553(a) support reducing defendant's sentence to time served and imposing additional terms of supervised release to be determined once defendant's medical needs are met.  That defendant committed the underlying offense while on federal supervision for the same conduct after successfully completing more than a year of sex offender treatment increases the gravity of his conduct.  But, given that defendant has served roughly 70 percent of his 144-month sentence, during which he has had no access to sex offender or other mental health treatment, coupled with the significant threat that defendant's incarceration at FCI Lompoc poses to his health, the Court finds that reducing defendant's sentence to time served and determining the conditions for release once the Court is certain defendant's medical needs are met provides for a sentence that is "sufficient but not greater than necessary" to reflect the gravity and seriousness of his offense, promote respect for the law, provide a just punishment,

adequately deter criminal conduct, protect the public from future crimes at defendant's hands, and most effectively provide defendant with the medical care that he needs, 18 U.S.C. § 3553(a).

## CONCLUSION

The Court finds that defendant has established extraordinary and compelling reasons to warrant a reduction of defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's renewed motion (doc. 42) is therefore GRANTED, and defendant's sentence of imprisonment is reduced to time served. Defendant shall be released to the NWRRC, and the conditions for his release will be discussed at the status conference set for 11:00 a.m. on October 4, 2021.

IT IS SO ORDERED.

Dated this  29th  day of September 2021.


_____ /s/Ann Aiken _____

Ann Aiken
United States District Judge